**Dismissed in Part, Affirmed in Part, and Memorandum Opinion filed November 17, 2020.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00626-CV

---

## GREGORY GOTTWALD, INDIVIDUALLY AND D/B/A G GROUP AND D/B/A DURATECH SERVICES AND D/B/A DURATECH FOUNDATION REPAIR, AND DURATECH SERVICES, L.L.C., Appellants

### V.

### MELINDA O'CONNELL, Appellee

---

**On Appeal from the 127th District Court
Harris County, Texas
Trial Court Cause No. 2016-81888**

---

## M E M O R A N D U M    O P I N I O N

In this breach-of-contract case, appellants Gregory Gottwald[1] and Duratech Services, L.L.C., appeal the traditional summary judgment rendered against them. We affirm the judgment against Gottwald on the merits. Because Duratech Services,

---

[1] Gottwald was sued, and appeals, in his individual capacity and under the assumed business names of G Group, Duratech Services, and Duratech Foundation Repair.

L.L.C. failed to respond to our order to file an appellate brief, we dismiss its appeal for want of prosecution. *See* TEX. R. APP. P. 38.8(a)(1).[2]

## I. BACKGROUND

According to the uncontroverted evidence, Melinda O'Connell contracted for Gottwald to raise her house and to obtain the plans and permits necessary to do so. Gottwald represented to O'Connell that he anticipated completing the project by March 28, 2016, and O'Connell paid the amounts invoiced in advance of the work. Gottwald allegedly obtained defective plans, paid for the permit with a check that was returned for insufficient funds, damaged O'Connell's home, and failed to complete the project. Three weeks after the project was to have been completed, heavy rains flooded Gottwald's workplace, and he lost both the plans and the equipment necessary to complete the work.[3] There is no evidence that O'Connell's home was similarly affected by the heavy rains in April 2016.

O'Connell sued Gottwald and his company Duratech Services, L.L.C. for breach of contract.[4] After the close of discovery, O'Connell successfully moved for

---

[2] We notified the company on February 25, 2020 that its brief was due on February 10, 2020, and that we would dismiss its appeal for want of prosecution if it failed to file a brief by March 11, 2020. The company did not respond to the order and neither joined Gottwald's brief nor filed a brief of its own.

[3] As Gottwald later explained in a response to O'Connell's complaint to the Better Business Bureau,

> Unfortunately, our business was destroyed by the recent flooding. We had 5ft of standing water in our office building for about one week. This destroyed computers, furniture, files and the lower portion of our building. In addition, we lost our fleet of trucks, hydraulic equipment, electric powered equipment, trailers, heavy diesel equipment, vans, materials etc. . . . I understand this was not timely considering the customer[']s project status. With certainty, we are not quite fully operational in a way that would successfully guarantee a safe and expedient completion.

[4] O'Connell initially asserted claims under the Texas Deceptive Trade Practices–Consumer Protection Act as well, but she later abandoned those claims and allowed the trial court to dismiss them with prejudice.

traditional summary-judgment, and the trial court awarded her $77,477.60.[5] After Gottwald and Duratech's motion for new trial was overruled by operation of law, they brought this appeal challenging the summary judgment.

## II. STANDARD OF REVIEW

To prevail on a traditional motion for summary judgment, the movant must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). If the movant carries this burden, the burden shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018) (citing *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995)). We review the summary judgment de novo, construing the evidence in the light most favorable to the non-movant by crediting evidence favorable to the nonmovant if a reasonable juror could and disregarding contrary evidence unless a reasonable juror could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

## III. ANALYSIS

O'Connell's uncontroverted summary-judgment evidence shows that Gottwald admitted under oath that (a) he had a contract with O'Connell, (b) O'Connell performed the contract by paying Gottwald's fees as invoiced, (c) Gottwald nevertheless did not complete his performance of the contract, and (4) he offered to refund O'Connell's money but did not have the funds to do so. Gottwald also conceded, both in the trial court and on appeal, that he emailed

---

[5] Although the motion was styled as seeking both traditional and no-evidence summary judgment, O'Connell raised only traditional summary-judgment grounds.

O'Connell on February 18, 2016, "I anticipate a completion date of [M]arch 28th." He does not dispute O'Connell's damages.

In the sole issue presented, Gottwald argues only that the trial court erred in granting O'Connell summary judgment because (a) flooding damage from heavy rains on April 18, 2016, "prolonged the estimated time for project completion," and (b) O'Connell breached the contract by hiring a different company to complete the work "right after the flooding occurred." Neither of these assertions raise a genuine issue of material fact. The flood occurred three weeks after Gottwald was to have completed the work, and he did not explain why the work was not completed before April 18, 2016. Moreover, he admitted two months after the flood that his business still was "not quite fully operational in a way that would successfully guarantee a safe and expedient completion" of the work. Thus, O'Connell hired another company only after Gottwald breached the contract and was no longer able to perform it.

Because O'Connell conclusively established her right to summary judgment and Gottwald failed to respond with evidence sufficient to raise a genuine issue of material fact, we affirm the trial court's judgment.

## IV. CONCLUSION

We dismiss Duratech Services, L.L.C.'s appeal for want of prosecution, and we affirm the trial court's judgment against Gottwald.

/s/    Tracy Christopher
        Justice

Panel consists of Justices Christopher, Jewell, and Zimmerer.

4